NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD LEE JONES, Jr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> H. RICHARDSON, Appeals Unit Administrator; et al., <br><br> Defendants-Appellees. | No. 17-15509 <br><br> D.C. No. 2:16-cv-03986-DJH-JZB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Arizona state prisoner Edward Lee Jones, Jr., appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (dismissal based on the applicable statute of limitations).  We affirm.

The district court properly dismissed as time-barred Jones's Fourteenth Amendment claim arising from an erroneous entry in Jones's disciplinary record because, even with the benefit of tolling during the pendency of the administrative exhaustion process, Jones failed to file his claim within the applicable statute of limitations.  *See* Ariz. Rev. Stat. § 12-542 (two-year statute of limitations for personal injury claims); *Canatella*, 486 F.3d at 1132-33 (forum state's personal injury statute of limitations and tolling laws apply to § 1983 actions; federal law determines when a civil rights claim accrues, which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (the statute of limitations is tolled while a prisoner completes the administrative exhaustion process).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**